IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE M. LARKIN, | § | |
| | § | |
| Defendant-Counterclaim | § | No. 163, 2020 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 17L-11-116 |
| LINDEN GREEN CONDOMINIUM | § | |
| ASSOCIATION, | § | |
| | § | |
| Plaintiff-Counterclaim | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: May 7, 2020
Decided: June 9, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1)    The appellant/defendant-counterclaim plaintiff below, Stephanie M. Larkin, has petitioned this Court, under Supreme Court Rule 42, to accept this interlocutory appeal from a Superior Court order, dated March 11, 2020, granting summary judgment in favor of the appellee/plaintiff-counterclaim defendant below, Linden Green Condominium Association ("the Association").

(2)     Larkin owns a condominium unit in Linden Green.  She has not paid the condominium assessments since 2016.  In November 2017, the Association instituted a lien foreclosure proceeding under the Delaware Uniform Common Interest Ownership Act ("DUCIOA"), 25 Del. C. § 81-101 *et seq.*  The Association sought an *in personam* judgment against Larkin and an *in rem* judgment against her condominium unit.  In her answer and counterclaim, Larkin alleged that the Association had failed to comply with the procedural requirements for lien foreclosure and failed to make necessary repairs to her unit.

(3)     The Association filed motions for summary judgment on its complaint and Larkin's counterclaim.  Larkin opposed the motions.  After oral argument, the Superior Court ruled from the bench that Larkin had no valid defenses for her failure to pay the assessments and that her procedural challenges to the *in rem* claim were without merit.  The Superior Court granted the Association's motion for summary judgment as to the complaint, but denied its motion for summary judgment as to Larkin's counterclaim.

(4)     Larkin filed an application for certification of an interlocutory appeal. Larkin argued that the order resolved two questions of law for the first time in Delaware. First, whether a condominium association may maintain a Superior Court lien foreclosure action if it does not obtain an executive board vote in favor of foreclosure against a specific unit as required by 25 *Del. C.* § 81-316(m)(1). Second,

whether 25 *Del. C.* § 81-316(j)(1), which provides that a condominium association's lien must be foreclosed like a mortgage on real estate, requires an association to comply with the mortgage foreclosure notice requirements under 10 *Del. C.* § 5062B. The Association opposed the application. The Superior Court denied the application. The Superior Court found that the application did not determine a substantial issue of material importance. As to the Rule 42(b)(iii) criteria, the Superior Court assumed that the interlocutory order contained questions of law resolved for the first time (Rule 42(b)(iii)(A)) as Larkin argued, but concluded that was insufficient to warrant interlocutory review when considered in light of the other criteria. The Superior Court noted that even if Larkin prevailed on the procedural issues she raised relating to the *in rem* claim, the *in personam* judgment would remain unaffected.

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of our discretion and giving due weight to the Superior Court's denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's

---

[1] Supr. Ct. R. 42(d)(v).

interlocutory opinion do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).